Lawrence W. Williamson, Jr.
**Williamson Law Firm, LLC**
**Attorney and Counselor at Law**
816 Ann Ave
Kansas City, Kansas  66101
Telephone:  (913) 871-7060
Facsimile:  (913) 535-0736
E: l.williamson@williamsonfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBRA HENDREN, | Case No.: 09-CV-2228 JWL/DJW |
| Plaintiff, | COMPLAINT |
| vs. | |
| BOARD OF COUNTY COMMISSIONERS FOR SEDGWICK COUNTY KANSAS | |
| Defendant. | |

## **COMPLAINT**

COMES NOW, Debra Hendren, plaintiff, and in support of her causes of action against defendant states and alleges as follows:

-1-
COMPLAINT

## I. Preliminary Statement

1. "Your kind are not welcomed here" is the sentiment that was leveled at the Plaintiff, Ms. Hendren in this case when she simply sought to apply for employment with the defendant. (*See supra* Paragraphs 17-18). This is an action brought by plaintiff against defendant for acts of discrimination experienced by plaintiff on account of her disability. The defendant is a public entity that has a duty under the law to make all aspects of employment accessible to individuals who suffer a disability. Here, defendant did not do so. This is unlawful and discriminatory. The unlawful and discriminatory acts by the defendant and its employees led to plaintiff's refusal to be hired. Plaintiff has been damaged from these acts and seeks front pay, compensatory damages, pre- and post- judgment interest, litigation expenses, and attorney fees.

## II. Jurisdiction and Venue

2. Jurisdiction of this Court is invoked, for purposes of plaintiff's American with Disabilities Act and Rehabilitation Act claims pursuant to 42 U.S.C. § 12101 *et seq*, 29 U.S.C. § 794, *et seq,* 28 U.S.C. § 1331, 28 U.S.C. § 1343(4) respectively. Venue is proper in this court under 28 U.S.C. § 1391(b).

## III. Parties

3. Plaintiff was at all times material hereto, a resident of Kansas.

4. Defendant is a government entity doing business in the State of Kansas. Defendant is a covered employer under the ADA and has more than 500 employees.

5. Plaintiff is legally disabled female and a resident of the State of Kansas and is entitled to equal protection under the law. Plaintiff filed a charge of discrimination with the Kansas Human Rights Commission and Equal Employment Opportunity Commission against defendant and received her right to sue.

COMPLAINT

6. The agencies found probable cause that discrimination occurred in this case. The defendant refused to provide Ms. Hendren with any monetary compensation and thus, now a jury must be called upon to value the discrimination faced by Ms. Hendren. This action was brought within the 90 day jurisdictional time requirement.

### IV. Factual Allegations

**A.   Ms. Hendren is legally disabled**

7.   Plaintiff adopts and incorporates the preceding paragraphs by reference.

8.   Ms. Hendren suffers from Foveal Hypoplasia. This condition is degenerative. As a result of this condition, Ms. Hendren has lost 90% of her vision in both eyes and the condition is getting worse. This is a severe physical impairment that has, and because of the degenerative nature of the condition will continue to, substantially limit Ms. Hendren's major life activities, to wit: seeing. For ADA purposes, seeing is considered a major life activity. *See* 29 C.F.R. § 1630.2(i).

**B.  Ms. Hendren was qualified for multiple available job positions**

9.   A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C § 12111(8).

10.   Ms. Hendren was qualified for every position that she would have applied for. For instance, Ms. Hendren holds two college degrees and is certified by the Library of Congress as a Braille transcriptionist. Moreover, with a reasonable accommodation, Ms. Hendren could have performed the essential job functions of many of the available positions at that time. However, because of the defendant's discrimination, Ms. Hendren did not make it to the application process, as she was not even allowed to apply for a position.

COMPLAINT

    **C.**    **The ADA applies during the application process**

11.    The ADA prohibits discrimination against "a qualified individual with a disability" with respect to "job application procedures . . ." 42 U.S.C. § 12112(a).

    **D.**    **Direct evidence of discrimination**

12.    On September 15, 2005, plaintiff visited the Sedgwick County Attorney's office and individuals in that office recommended that Ms. Hendren apply for a Braille Transcriptionist position because the court system is always in need of transcriptionist. Upon this advise, Ms. Hendren entered the defendant's Human Resource Department in order to see what positions were available with Respondent and to apply for employment. Ms. Hendren was wearing dark glasses and utilizing the assistance of a walking cane at the time that she entered the Human Resource Department. Both are commonly indicative of a person with a seeing impairment.

13.    Plaintiff approached an employee of defendant and inquired about open positions. Plaintiff also requested assistance to apply for positions because of her disability. However, defendant would not provide plaintiff access to any job openings by either providing human assistance with the computers that contained job postings or by providing a computer that had reading or speaking software installed. Additionally, the defendant informed Ms. Hendren that the computers were too old for such software.

14.    Moreover, the defendant informed Ms. Hendren that the defendant's website was not JAWS compatible. JAWS, which stands for "Job Access with Speech" is software commonly used to provide access for individuals with visual impairments to job information stored on computers. This is accomplished by reading aloud what is on the screen. This software is known as a reader.

15. Ms. Hendren could have had accessed to the job information with this accommodation. Moreover, the ADA explicitly states that the term "reasonable accommodation" may include "the provision of qualified readers, or interpreters." 42 U.S.C. § 12111(9)(B). By not having JAWS installed on any computers, any person (such as plaintiff) who suffered serious vision impairment or was completely blind was not able to apply for a position with the defendant.

16. Not only did the defendant fail to provide reasonable accommodation in the job application process, the defendant said to Ms. Hendren: "Isn't there a place for people like you to work. Blind people can't work here. We don't have any jobs for blind people or any other handicapped people here" and that Ms. Hendren would have trouble finding her way to the defendant's locations. Then, defendant told Ms. Hendren that the county did not hire blind people.

17. Ms. Hendren also asked for an application and was told that the defendant did not have "have any positions for blind people."

### E. Additional Facts

18. In its response to the administrative investigation, the defendant informed the agency that it agreed that Ms. Hendren did come to its Human Resource Office on September 15, 2005.

19. In its response to the administrative investigation, the defendant informed the agency that it agreed that on September 15, 2005, Ms. Hendren was told that there was no such position as a Braille Transcriptionist.

20. In its response to the administrative investigation, the defendant informed the agency that it agreed that on September 15, 2005, Ms. Hendren was told that their computers were not equipped with audio software that spoke out job opening information.

21. An essential function of Defendant's Human Resource Office is to provide any member of the public with information about all job openings with Respondent, whether disabled or not. Defendant did not do so here.

## V.  First Cause of Action

### Violation of the ADA

22. Plaintiff adopts and incorporates the preceding paragraphs as fully set forth herein.

23. Defendant has discriminated against plaintiff in violation of ADA by subjecting her to different treatment because of her gender.

24. As stated above, at all relevant times, plaintiff had a visual impairment that substantially limited her ability to see which is a major life function.  As such she is disabled within the meaning of the ADA.

25. Defendant refused to provide plaintiff access to open positions and plaintiff could have gained access to such positions with reasonable accommodations. Moreover, plaintiff was qualified for and with and/or without a reasonable accommodation, could have performed many positions available at the time that she attempted to apply.

26. Defendant knew of plaintiff's impaired vision and plaintiff's impaired vision was a motivating factor in defendant's decision to prevent plaintiff from applying for a position with defendant.

27. As a result of defendant's conduct alleged in this Complaint, plaintiff has suffered and continues to suffer harm including, but not limited to lost wages, loss of opportunity, as well as humiliation, embarrassment, emotional distress, and mental anguish. These damages are continuing and should be awarded in an amount to be determined at trial.

## VI.  Second Cause of Action

### Violation of the Rehabilitation Act 29 U.S.C. § 794, *et seq*

28. Plaintiff adopts and incorporates the preceding paragraphs as fully set forth herein.

29. Elements of the Rehabilitation Act are identical to those in Count 1 and are again incorporated herein.

COMPLAINT

30. Moreover, defendant is the direct recipient of federal funds sufficient to invoke the coverage of §504, and is unlawfully and intentionally discriminating against plaintiff on the sole basis of plaintiff's disability.

31. As a result of defendant's conduct alleged in this Complaint, plaintiff has suffered and continues to suffer harm including, but not limited to lost wages, loss of opportunity, as well as humiliation, embarrassment, emotional distress, and mental anguish. These damages are continuing and should be awarded in an amount to be determined at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a. plaintiff's back pay and front in excess of $50,000;

b. an expedited trial setting;

c. compensatory damages in the amount of $300,000 for plaintiff's humiliation, pain and suffering;

d. pre- and post- judgment interest; and

e. for her costs, attorney fees, and expert fees and such further relief as the Court deems just and equitable.

DATED: April 29, 2009

Respectfully submitted,

   s/Lawrence Williamson, Jr.
Lawrence W. Williamson, Jr. #21282
**Williamson Law Firm, LLC**
**Attorney and Counselor at Law**
816 Ann Ave
Kansas City, Kansas  66101
Telephone:  (913) 871-7060
Facsimile:  (913) 535-0736

-7-

COMPLAINT

E: l.williamson@williamsonfirm.com

*Attorneys for Plaintiff*

## **DEMAND FOR A JURY TRIAL**

COMES NOW the Plaintiff, by and through counsel, and respectfully requests that this matter be set for a jury trial. Kansas City, Kansas designated for place of trial.

By: s/Lawrence W. Williamson, Jr.
Lawrence W. Williamson, Jr. #21282
**Williamson Law Firm, LLC**
**Attorney and Counselor at Law**
816 Ann Ave
Kansas City, Kansas 66101
Telephone: (913) 871-7060
Facsimile: (913) 535-0736
E: l.williamson@williamsonfirm.com

*Attorney for plaintiff*

COMPLAINT