**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**Debra Hendren,**

      **Plaintiff,**

**v.**                                                  **Case No. 09-2228-JWL**

**Board of County Commissioners
for Sedgwick County, Kansas,**

      **Defendant.**

**MEMORANDUM & ORDER**

Plaintiff filed suit against defendant alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. In her complaint, plaintiff has designated Kansas City, Kansas as the place of trial. Defendant now moves to transfer the case to Wichita for adjudication and trial (doc. 13). In support of the motion, defendant contends that the only connection between Kansas City and this case is the location of plaintiff's counsel and that Wichita, Kansas is a substantially more convenient location as all of the parties, witnesses and relevant documents are located there. As will be explained, the motion is granted.

In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a). *See Frame v. Salina Reg'l Health Ctr.*, Case No. 07-2442-JWL, 2008 WL 400185, at *1 (D. Kan. Aug. 26, 2008) (citing *Benson v. Hawker Beechcraft Corp.*, Case No. 07-2171-JWL, 2007 WL

1834010, at *1 (D. Kan. June 26, 2007)).[1] Section 1404(a) provides in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This statute grants a district court broad discretion in deciding a motion to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The court considers the following factors in determining whether to transfer the case: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical. *Chrysler Credit Corp.*, 928 F.2d at 1516. The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed. *Id.* However, because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if the plaintiff does not reside there. *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing *Vanmeveren v. Int'l Bus. Mach. Corp.*, No. 05-1322-JTM-DWB, 2005 WL 3543179, at *2 (D.

---

[1] Although § 1404(a) is inapplicable to intra-district transfers on its face because Kansas constitutes only one judicial district and division, the statute provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c).

Kan. Dec. 27, 2005)).

Applying these factors to the facts in this case, the court finds that the motion to transfer is warranted because, "[c]learly, the more convenient venue to try this case is Wichita." *Aramburu v. Boeing Co.*, 896 F.Supp. 1063, 1065 (D. Kan. 1995). The two primary factors for consideration in this case are the plaintiff's choice of forum and the convenience of the witnesses. Although plaintiff designated Kansas City as the place of trial, her choice is not entitled to the deference it would otherwise receive because plaintiff concedes that she resides in Wichita. *E.g., Spires*, 2006 WL 1642701, at *2 (when the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3848 (3d ed. 2007) (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere). Consequently, although the court considers the plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so." *Spires*, 2006 WL 1642701, at *2 (quoting *Dworkin v. Hustler Magazine, Inc.*, 647 F.Supp. 1278, 1280–81 (D. Wyo. 1986)).

The plaintiff's choice of forum is further discounted because of the enormous disparity in convenience between Kansas City and Wichita. As the courts in this district have emphasized, the relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer. *See e.g., Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816

F.Supp. 667, 669 (D. Kan. 1993) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."). To begin, nothing on the face of plaintiff's complaint reveals any connection of facts or persons to Kansas City. Rather, plaintiff's complaint stems from her alleged attempt to obtain employment with Sedgwick County. Wichita is the county seat of Sedgwick County. It appears that nearly all fact witnesses pertinent to plaintiff's complaint work and reside in Wichita, Kansas. The one exception is an investigator for the Kansas Human Rights Commission who works in Topeka, Kansas. In addition, defendant's counsel is located in Wichita. Indeed, the only connection this case has to Kansas City appears to be the location of plaintiff's counsel. Because this case has only a tangential connection to Kansas City, there is little difficulty in finding that Wichita is a more convenient forum.

Ultimately, though, the court has to find that Kansas City is substantially inconvenient, not just that Wichita is more convenient. *Spires*, 2006 WL 1642701, at *3. Plaintiff argues that in this day of electronic filing and telephonic conferences, Kansas City is simply not inconvenient in terms of pretrial maintenance and that the court, if appropriate, may decide to transfer the case to Wichita for trial at a later date. While the court agrees that Kansas City is not "substantially inconvenient" for purposes of pretrial docketing and maintenance, the court, without question, would transfer this case to Wichita for trial as it is undisputed that the facts of this case stem from acts allegedly occurring solely in Wichita, that nearly every fact witness works and resides in Wichita and that plaintiff herself resides in Wichita.[2] Because the court is

---

[2]Plaintiff asserts that a transfer to Wichita for trial could "cause plaintiff to lose half her witnesses for her case in chief" because the only witness she plans to call to testify, other

4

persuaded that Wichita is the appropriate place for trial, it makes sense for the court to transfer the case at this early juncture, when a seamless transition is assured, as opposed to waiting until the dispositive motion stage to ascertain whether and when a Wichita judge is available to try the case and, if not, whether this court's own schedule would permit the court to travel to Wichita to try the case. In short, the court is persuaded that Wichita is the more convenient forum and the court, in the interests of justice, grants defendant's motion to transfer.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to transfer (doc. 13) is granted. The court orders that this case be transferred to be reassigned by the clerk's office to one of the resident Judges in Wichita.

**IT IS SO ORDERED** this 15th day of January, 2010.

John W. Lungstrum
United States District Court Judge

---

than herself, is the Kansas Human Rights Commission investigator who, located in Topeka, is more than 100 miles outside of Wichita, raising complications regarding the compulsory attendance of that witness. First, plaintiff has not indicated that this witness would be unwilling to testify in Wichita. Absent any indication of an unwilling witness, the court is not persuaded that the case should remain in Kansas City for trial based solely on the unlikely possibility that this witness will refuse to come to Wichita. Second, because the witness lives within the state where the trial would be held, the court would not be required to quash a subpoena for that witness to testify at trial, but could exercise its discretion to do so if that person were to incur substantial expense to travel to trial. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii) and (c)(3)(B)(iii).