**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

DEBRA HENDREN, )
)
               Plaintiff, )  **CIVIL ACTION**
)
v. )  No. 09-2228-MLB
)
BOARD OF COUNTY COMMISSIONERS )
FOR SEDGWICK COUNTY, KANSAS, )
)
               Defendant. )
)

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for summary judgment (Doc. 33). The motion has been fully briefed and is ripe for decision. (Docs. 34, 40, 45). Defendant's motion is denied for the reasons herein.

**I.    Facts**

Plaintiff Debra Hendren has been diagnosed with focal hypoplasia, a condition which has significantly impaired her eyesight. Plaintiff has both an associate's degree in business science and accounting and a bachelor's degree in general business management. In September 2005, plaintiff called the City Manager's office for the City of Wichita to inquire about being placed on a vendor's list to be a Braille legal transcriptionist for the court system. Plaintiff was referred to the District Attorney's office who then told plaintiff to apply at the Sedgwick County Human Resources office (HR office).

On September 15, plaintiff went to the HR office and spoke with Joyce Tymony. Plaintiff was wearing tinted glasses and walked with a cane. Plaintiff informed Tymony that she had been told to come to

the HR office to be placed on a vendor list. Tymony told plaintiff that there was no such position. Tymony then asked plaintiff if there was a "place in this city for people like you to work?" Tymony then told plaintiff that "we don't hire the handicapped." Plaintiff asked Tymony if the computers at the HR office were capable of speaking. Tymony said no. Plaintiff then asked Tymony if she would assist plaintiff in reviewing the job openings. Tymony said no and told plaintiff that she would have to pay an individual to assist her in reviewing the job openings. Ultimately, Tymony handed plaintiff a business card which listed the internet website of the HR office.

On September 15, the HR office had several positions open and available. Plaintiff was eligible to apply for entry-level bookkeeping, office clerical and computerized data entry.

At some point in time, plaintiff was able to read the card and retrieve the website information. Plaintiff's home computer did have a program, JAWS, which read aloud from websites. In early October, plaintiff attempted to access the job openings for defendant but there was a problem with the website's refresh rate and it prevented plaintiff from utilizing the JAWS program. Plaintiff contacted the HR office regarding her computer problems on October 13. Plaintiff had several contacts with Jeff Piper, defendant's webmaster, and the problem was ultimately resolved. Plaintiff began checking for open positions. Plaintiff did not apply for any positions with the HR office.

On November 14, 2005, plaintiff filed a discrimination charge against defendant for allegedly denying her the opportunity to apply for a position. Plaintiff's complaint lists claims of discrimination

under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and Section 504 of the Rehabilitation Act.

**II.     Summary Judgment Standards**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. Adamson v. Multi Community Diversified Svcs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**III. Analysis**

   **A.   ADA Claim**

The ADA prohibits an employer from discrimination against a disabled person in her application for a vacant job. See 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual with a disability ... in regard to job application

procedures, the hiring...."). In the next subsection, "discrimination" is defined to include "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of [the employer] to make reasonable accommodation to the physical or mental impairments of the employee or applicant." § 12112(b)(5)(B).

Plaintiff asserts that she has identified direct evidence of discrimination. "If the employer admits that the disability played a prominent part in the decision, or the plaintiff has other direct evidence of discrimination based on disability, the burden-shifting framework may be unnecessary and inappropriate." Davidson v. Am. Online, Inc., 337 F.3d 1179, 1189 (10th Cir. 2003)(citing Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 n. 3 (10th Cir. 1997).

> The McDonnell Douglas burden shifting approach is unnecessary because the issue of the employer's intent has been admitted and the plaintiff has direct evidence of discrimination on the basis of his disability. If the plaintiff in such a case is in fact statutorily disabled, the determinative issue in the case will not be the employer's intent, but whether the employee is "otherwise qualified," with or without reasonable accommodation, to perform the job, a factual dispute that is resolved through traditional methods of proof.

Davidson, 337 F.3d at 1189.

The evidence at this stage of the proceedings is that Tymony told plaintiff that "we don't hire the handicapped," asked her if there wasn't somewhere else where people like her worked and refused to assist her in identifying available jobs. Direct evidence is proof of "oral or written statements on the part of a defendant showing a discriminatory motivation." Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000). The court finds that plaintiff

-4-

has presented a genuine issue of material fact as to whether defendant intentionally discriminated against her because of her disability. See Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84, 133 F.3d 1054, 1060-61 (7th Cir. 1998)(refusal to allow an individual to apply for a position because of his disability is evidence of discrimination).

Because plaintiff in this case is disabled, the only question remaining is whether she was qualified for the positions she sought with defendant. Davidson, 337 F.3d at 1189. Defendant argues that plaintiff was not qualified due to her lack of work experience.[1] The problem with defendant's position is that it has no evidence to support it. "[T]he employer has a right to establish what a job is and what is required to perform it," but defendant has not done so in this case. Id. at 1191. Defendant has not contested that the entry level positions were open at the time of plaintiff's request for application, but only that plaintiff has not established her qualifications. Plaintiff has provided evidence that she is qualified

---

[1] Defendant also argues that plaintiff is not qualified because her deposition testimony does not use the word "qualified." Plaintiff testified that she could have applied for the entry level positions and then further testified that she could have also applied for management level positions depending on the years of experience required. The court believes that this testimony supports the conclusion that plaintiff thought she was qualified for the entry level positions based on her college degree and work experience. The court does not find that plaintiff, in fact, was qualified for any position. An applicant's personal belief that he or she is qualified does not equate to being qualified. The problem here is that defendant's employee Tymony preempted the determination of plaintiff's qualifications, if any. Now the jury will have to resolve the matter.
   Defendant also argues that plaintiff did not know how fast she could type in 2005. However, there is no evidence before the court that typing speed was required for a specific position. The requirements for a position with defendant are presumably in defendant's possession.

to perform entry level positions that were available at the time she was refused an application. Defendant has not controverted that evidence. Therefore, the court finds that there is a genuine dispute as to whether plaintiff was qualified for the entry level positions she sought.

Even if the court utilized the McDonnell Douglas burden-shifting standard in this case, as defendant suggests, it would deny defendant's motion for summary judgment. To establish a prima facie case of discrimination under the ADA, a plaintiff must show "(1) that she is disabled within the meaning of the ADA; (2) that she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) that she was discriminated against because of his disability." McKenzie v. Dovala, 242 F.3d 967, 969 (10th Cir. 2001). Based on the preceding analysis, plaintiff has submitted evidence establishing a prima facie case. The burden would then shift to defendant to provide a legitimate non-discriminatory reason for not allowing plaintiff to apply for the entry level positions. Defendant asserts that plaintiff was not qualified for the positions. However, defendant has not provided any evidence that the positions required skills that plaintiff did not possess and that plaintiff could not perform the positions with or without reasonable accommodation.

Defendant's motion for summary judgment on plaintiff's claim of discrimination under the ADA is denied.

**B. Rehabilitation Act Claim**

Section 504(a) of the Rehabilitation Act, 29 U.S.C. § 794(a), states:

-6-

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program receiving Federal financial assistance or under any program or activity conducted by any Executive Agency or by the United States Postal Service.

To establish her prima facie case of discrimination under the Rehabilitation Act, plaintiff must show "(1) that [she] is disabled under the Act; (2) that [she] would be 'otherwise qualified' to participate in the program; (3) that the program receives federal financial assistance (or is a federal agency [or the Postal Service]); and (4) that the program has discriminated against the plaintiff." Jarvis v. Potter, 500 F.3d 1113, 1120-21 (10th Cir. 2007). Defendant has stipulated to the first and third elements.

In deciding whether plaintiff has met her burden on the remaining two elements the court is instructed that "[t]he standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under . . . the Americans with Disabilities Act of 1990 [ (ADA) ]. . . ." Id. Because the court has already determined that there is a genuine issue of material fact as to plaintiff's qualifications and defendant's intent to discriminate, defendant's motion for summary judgment on plaintiff's claim under the Rehabilitation Act must also be denied.

**IV. Conclusion**

Defendant's motion for summary judgment is denied. (Doc. 33). The clerk is ordered to set this case for trial.

A motion for reconsideration of this order is not encouraged.

-7-

The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   25th   day of August 2010, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE